ANDREW M. PALEY (SBN 149699)
apaley@seyfarth.com
CANDICE T. ZEE (SBN 227453)
czee@seyfarth.com
MYRA B. VILLAMOR (SBN 232912)
mvillamor@seyfarth.com
**SEYFARTH SHAW LLP**
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY

LEO JAMES TERRELL (SBN 149693)
civil1975@aol.com
**LAW OFFICES OF LEO JAMES TERRELL**
8383 Wilshire Blvd., Suite 920
Beverly Hills, California 90211
Telephone: (323) 655-6909
Facsimile: (323) 655-5104

Attorneys for Plaintiff
GINA COPES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA COPES, an individual<br><br>　　　Plaintiff,<br><br>　　v.<br><br>ALLSTATE INSURANCE COMPANY, a Illinois corporation; and DOES 1-20, inclusive,<br><br>　　　Defendants. | Case No. CV11-2692 GAF(MANx)<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |

1

1     Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on
2 the parties' Stipulation Re Protective Order ("Stipulation") filed on February 16,
3 2012, the terms of the protective order to which the parties have agreed are adopted
4 as a protective order of this Court (which generally shall govern the pretrial phase
5 of this action) except to the extent, as set forth below, that those terms have been
6 substantively modified by the Court's amendment of paragraphs I., III., V 5.2(b),
7 and VI. 6.3 of, and Exhibit A to, the Stipulation.
8     The parties are expressly cautioned that the designation of any information,
9 document, or thing as "CONFIDENTIAL" or other designation(s) used by the
10 parties, does not, in and of itself, create any entitlement to file such information,
11 document, or thing, in whole or in part, under seal. Accordingly, reference to this
12 Protective Order or to the parties' designation of any information, document, or
13 thing as "CONFIDENTIAL" or other designation(s) used by the parties, is wholly
14 insufficient to warrant a filing under seal.
15     There is a strong presumption that the public has a right of access to judicial
16 proceedings and records in civil cases. In connection with non-dispositive
17 motions, good cause must be shown to support a filing under seal. The parties'
18 mere designation of any information, document, or thing as "CONFIDENTIAL"
19 or other designation(s) used by parties, does not -- **without the submission of**
20 **competent evidence, in the form of a declaration or declarations, establishing**
21 **that the material sought to be filed under seal qualifies as confidential,**
22 **privileged, or otherwise protectable** -- constitute good cause.
23     Further, if sealing is requested in connection with a dispositive motion or
24 trial, then compelling reasons, as opposed to good cause, for the sealing must be
25 shown, and the relief sought shall be narrowly tailored to serve the specific interest
26 to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th
27 Cir. 2010). For each item or type of information, document, or thing sought to be
28 filed or introduced under seal in connection with a dispositive motion or trial, the

party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

**THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE HONORABLE GARY A. FEESS, UNITED STATES DISTRICT JUDGE, INCLUDING THOSE APPLICABLE TO PROTECTIVE ORDERS AND FILINGS UNDER SEAL.**

### TERMS OF PROTECTIVE ORDER

I. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action **may** involve **the** production of confidential, proprietary, or private information for which protection from public disclosure and from use for any purpose other than prosecuting this litigation **may** be warranted.

II. DEFINITIONS

2.1 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c), including but not limited to Allstate's operating policies, procedures, manual, non-public financial information, Allstate's clients' account and tax information, information referring to Allstate's payroll/HR data, proprietary software, and other trade secret information. In agreeing to the protection of "trade secret" information, the parties hereby incorporate the definition for that term as stated in California Civil Code section 3426.1(d).[1]

2.4 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6 Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

---

[1] California Civil Code section 3426.1(d) provides that "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

2.7 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.8 <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9 <u>House Counsel</u>: attorneys who are employees of a Party.

2.10 <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.11 <u>Expert</u>: a person or business entity, including its employees and subcontractors, with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or **its** competitor and who, at the time of retention, is not anticipated to become an employee of a Party **its** competitor. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

III. <u>SCOPE</u>

The protections conferred by this **Protective Order** cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus **deposition** testimony, conversations, or presentations by parties or counsel that might reveal Protected Material.

IV. <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this **Protective Order** shall remain in effect until a Designating Party

agrees otherwise in writing or a court order otherwise directs.

## V. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this **Protective Order** must take care to limit any such designation to specific material that qualifies under the appropriate standards.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this **Protective Order** (*see*, *e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this **Protective Order** must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this **Protective Order** requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the top or bottom of each page that contains protected material.

(b) <u>for testimony given in deposition</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition is concluded) a right to have the entire testimony be protected for 20 days. Immediately following the 20 day period, the Party or non-

party must identify the specific protected portions of the testimony. Only those portions of the testimony that are appropriately designated for protection immediately following the 20 day waiting period shall be covered by the provisions of this **Protective Order**.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL."

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this **Protective Order** for such material. If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this **Protective Order**.

VI.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3    Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 that identifies the challenged material and sets forth in detail the basis for the challenge. Every motion filed and served under Civil Local Rule 7 must be in compliance with Civil Local Rule 79-5. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the **Designating** Party's designation.

VII.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of

persons and under the conditions described in this **Protective Order**.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this **Protective Order**.

    7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

    (a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

    (c) experts (as defined in this **Protective Order**) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;  and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d) the Court and its personnel;

    (e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (f) during their depositions, third-party witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone

except as permitted under this **Protective Order**.

(g) the author of the document or the original source of the information.

## VIII.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this **Protective Order**. In addition, the Receiving Party must deliver a copy of this **Protective Order** promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this **Protective Order** and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## IX.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this **Protective Order**, the Receiving Party must immediately:  (a) notify in writing the Designating Party of the unauthorized disclosures**;** (b) use its best

1 efforts to retrieve all copies of the Protected Material**;** (c) inform the person or
2 persons to whom unauthorized disclosures were made of all the terms of this
3 **Protective Order;** and (d) request such person or persons to execute the
4 "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit
5 A.

6     X. <u>FILING PROTECTED MATERIAL</u> In the event that a Party seeks
7 to file any Protected Material, that Party must meet and confer with the
8 Designating Party regarding whether it is necessary to file the Protected Material
9 under seal and to inform the Designating Party that the Party intends to file
10 Protected Material. The Party must meet and confer at least 20 days prior to the
11 filing of the Protected Material. The Party asserting that the Protected Material
12 should be filed under seal shall apply for an order pursuant to Civil Local Rule 79-
13 5.

14     If the Designating Party does not file an application within 20 days, the
15 Protected Material shall be filed in the public record in this action. If a Party that
16 seeks to file any Protected Material does not meet and confer with the Designating
17 Party, that Party shall seek to file the Protected Material under seal pursuant to
18 Civil Local Rule 79-5.

19     XI. <u>FINAL DISPOSITION</u> Unless otherwise ordered or agreed in writing
20 by the Producing Party, within sixty days after the final termination of this action,
21 each Receiving Party must return all Protected Material to the Producing Party. As
22 used in this subdivision, "all Protected Material" includes all copies, abstracts,
23 compilations, summaries, or any other form of reproducing or capturing any of the
24 Protected Material. With permission in writing from the Designating Party, the
25 Receiving Party may destroy some or all of the Protected Material instead of
26 returning it. Whether the Protected Material is returned or destroyed, the
27 Receiving Party must submit a written certification to the Producing Party (and, if
28 not the same person or entity, to the Designating Party) by the sixty day deadline

that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this **Protective Order** as set forth in Section 4 (DURATION), above.

XII.  MISCELLANEOUS

12.1  Right to Further Relief.  Nothing in this **Protective Order** abridges the right of any person to seek its modification by the Court in the future.

12.2  Right to Assert Other Objections.  By **having stipulated** to the **Court's** entry of this **Protective Order** no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this **Protective Order**.  Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this **Protective Order**.

**IT IS SO ORDERED.**

DATED:  July13, 2012

*Margaret A. Nagle*

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California in the case of *Gina Copes v. Allstate Insurance Company*, Case No. CV11-2692 GAF(MANx).  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
 [printed name]

Signature:_____
 [signature]