1  Leo James Terrell (State Bar No. 149693)
    LAW OFFICES OF LEO JAMES TERRELL
2  8383 Wilshire Blvd., Suite 652
    Beverly Hills, California  90211
3  (323) 655-6909\FAX (323) 655-5104
    Email: civil1975@aol.com
4
    Attorneys for Plaintiff, Gina Copes
5

**DISCOVERY MATTER**

6

7

8                **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  GINA COPES, an individual        )  CASE NO.:CV11-2692 GAF(MANx)
                                )
12           Plaintiff,       )  **OBJECTION  TO DEFENDANT'S**
                                )  **SUBMISSION OF DOCUMENTS,**
13  vs.                    )  **DEF002794-DEF003101 TO THE COURT**
                                )
14  ALLSTATE INSURANCE COMPANY, a  )  **[REQUEST FOR DISCOVERY ORDER]**
    Illinois corporation; and DOES 1-20 ,  )
15  inclusive,                  )
                                )  Courtroom:   580
16           Defendants     )
                                )  Complaint filed:    December 23, 2010
17                                  )  FAC Filed:         April 14, 2011
                                )
18                                )

19                                )

20                                )

21

22  ///

23  ///

24  ///

25

26

27

28

Objection To Defendant's Submission of
Documents to the Court               1

## DECLARATION OF LEO JAMES TERRELL

I, Leo James Terrell hereby declare and state as follows:

1.      I am an attorney at law, licensed to practice law before all Courts of the State of California and United State District Court, Central District of California. I am the attorney of record for the Plaintiff herein.

2.      I have personal knowledge of the facts as stated in this declaration and if called to testify I would, and could competently testify thereto.

3.      Plaintiff objects to the Defendants delivering supplemental documents, Bates-number range of DEF0023794-DEF003101, to the court on January 28, 2013.

4.      On June 5, 2012, the Court heard arguments regarding Plaintiff's Motion to Compel the Production of Supplemental Discovery Responses, Docket No. 45. During this hearing the Court order that Defendant shall provide the Court, for *in camera* review, the privilege log produced in this case, along with both redacted and unredacted, if available, copies of the documents listed on the privilege log. Attached and incorporated herein as **Exhibit 1** is the Civil Minutes for proceedings held on June 5, 2012.

5.      On January 3, 2013, a Further Hearing re: Plaintiff's Motion To Compel The Production Of Supplemental Discovery Responses ("Plaintiff's Motion") (Docket No. 45) was held. The Court advised counsel that it had reviewed the documents produced by defendant for *in camera* review pursuant to the Court's Order of June 5, 2012, and heard further argument regarding Plaintiff's Motion. The Court GRANTED plaintiff's Motion, in part, as follows: 1) The Court ORDERED that document Nos. DEF 00409-00413 and 02604-02605, which were reviewed *in camera*, be produced to plaintiff, in unredacted form. Copies of these unredacted documents are provided to plaintiff's counsel at the conclusion of the hearing. 2) The Court ORDERED that, by no later than Monday, January 7, 2013, defendant shall provide, to plaintiff's counsel, for attorney eyes only review, the name, last known address, and telephone number for the two (2) insureds and the Allstate employee in the Pittsburgh office who are identified in the documents to be produced to plaintiff pursuant to this Order. 3) With the approval of District Judge Gary A. Feess, the Court extends the discovery deadline to January 25,

1  2013, for the limited purpose of allowing plaintiff to take the depositions of the three individuals
2  identified above.  The Court directs that plaintiff's counsel shall make every effort to take these
3  depositions by January 18, 2013.  Each deposition shall last for no longer than 2-1/2 hours .  The
4  Court then scheduled a telephonic conference follow-up set for January 15, 2013.  Attached and
5  incorporated herein as **Exhibit 2** is the Civil Minutes for the hearing which took place on January
6  3, 2013.

7  6.       After the January 3, 2013 hearing Plaintiff was made aware that one of the Allstate
8  insureds, whose name was ordered to be produced unredacted, participated in a customer survey
9  regarding Plaintiff's job performance which Defendant never produced to Plaintiff.  Plaintiff
10 immediately sent a letter to Defendant demanding the production of the survey immediately.
11 Attached and incorporated herein as **Exhibit 3** is a letter from Plaintiff to Defendant dated
12 January 11, 2013.

13 7.       On January 15, 2013, during a hearing the Court conferred with the parties regarding the
14 production of documents.  The parties discussed the status of the depositions of the three
15 individuals ordered on January 3, 2013.

16 8.       On January 15, 2013, after the telephonic conference Defendants then delivered to
17 Plaintiff a document which had never been produced to Plaintiff before, Bate-number
18 DEF003103, the customer survey of the Allstate customer related to the Pittsburgh Allstate
19 Employee[1].  Attached and incorporated herein as **Exhibit 4**, is DEF003103.

20 9.       On January 16, 2013, another telephonic hearing was conducted.  During that hearing the
21 Court conferred with the parties off the records regarding, among other things, Defendant's
22 January 15, 2013 production of a document, which plaintiff's counsel contends is responsive to
23 long -outstanding requires for production.  The Court ordered defense counsel to file a
24 declaration, by no later than January 23, 2013, detailing the nature and extent of the search
25 conducted by Allstate to respond to plaintiff's discovery request and why the documents

26 _____

27       [1]The Court should note that Defendants originally provided a redacted version of this
28 document.

Objection To Defendant's Submission of
Documents to the Court                           3

1 produced on January 15, 2013 were not produced previously. The Court set a further follow-up

2 conference for January 24, 2013. Attached and incorporated herein as **Exhibit 5** is Civil Minutes

3 for the hearing which took place on January 16, 2013.

4 10.     Defendants filed declarations which stated that the customer survey, DEF003103, had

5 been previously produced but in a different format. The alleged previous production of the

6 customer survey was DEF002949-DEF002950. However, the Court specifically noted that the

7 documents Defendants were representing as including the previously produced customer survey

8 were not apart of the documents which were produced to the Court pursuant to the June 5, 2012

9 order. The Court never had these documents to review *in camera*.

10 11.     The only Court order issued on January 24, 2013, was that the court directed plaintiff's

11 counsel to file a supplemental declaration detailing the purported inadequacies of the declarations

12 of Myra B. Villamor and Gary Dennis, by not later than February 13, 2012. A reply, if any, shall

13 be filed by no later than February 18, 2013. Attached and incorporated herein as **Exhibit 6**, is the

14 Civil Minutes from the January 24, 2013 hearing.

15 12.     At no time did the Court order Defendants to deliver any documents to Court. There is

16 no mention of any order in the Civil Minutes nor did the Court state an order on the record to

17 produce any documents.

18 13.     On January 28, 2013, Defendants sent Plaintiff a letter informing Plaintiff that "pursuant

19 to the Court's January 24, 2013 order," Defendants delivered to the Court's chambers documents

20 produced b Defendant within Bates-number range of DEF002794-DEF003101. Attached and

21 incorporated herein as **Exhibit 7**, is a letter from Defendants to Plaintiff dated January 28, 2013.

22 14.     On January 30, 2013, Plaintiff responded to Defendant's letter regarding delivering

23 documents to the court. Plaintiff stated that Defendant's letter is false, misleading, and an

24 attempt to conceal the fact that these documents were not produced to the Magistrate. Attached

25 and incorporated herein as **Exhibit 8**, is a letter from Plaintiff to Defendant dated January 30,

26 2013.

27 15.     The Magistrate did not order Defendants to produce these documents on the record at the

28 January 24, 2013 hearing nor is there any mention of such an order contained in the Civil

Objection To Defendant's Submission of
Documents to the Court                                    4

1  Minutes, Docket No. 118.

2  16.    Defendant's recent production of documents DEF002794-DEF003101, is an obvious

3  attempt to conceal the fact that these documents were never given to the Court prior to January

4  28, 2013. Defendant's have simply produced these documents after the discovery cut-off date

5  and after a series of discovery hearings, which were only made possible due to an extension of

6  the discovery cut off date. The Magistrate was denied the opportunity to review these

7  documents.

8  17.    After Defendant's produced, for the first time, one of the Allstate customer survey,

9  Defendants made the representation to the Court that the survey was produced in a different

10  format previously. Defendants represented that within DEF002794-DEF003101 was the

11  previously produced survey. The Magistrate specifically stated that she never received the above

12  referenced documents for her in camera review back in June of 2011 when Defendants had

13  delivered documents to the Court. Defendants only produced the above documents to Plaintiff in

14  a highly redacted format, the Magistrate was never given these documents to review. However,

15  the Magistrate never ordered that these documents be produced to the Court during the January

16  24, 2013 hearing.

17  18.    For the foregoing reasons stated above, Plaintiff objects to DEF002794-DEF003101

18  being delivered to the Court by Defendants.

19  19.    Plaintiff requests that the Court not consider DEF002794-DEF003101 in any manner and

20  Order the following:

21          a.    The Court never ordered that documents with Bates-numbers ranging from

22                DEF002794 to DEF003101 to be submitted to the Court by Defendants.

23          b.    The Court did not have in its possession for review documents with Bates-

24                numbers ranging from DEF002794 to DEF003101 until January 28, 2013.

25          c.    Defendants never produced to Plaintiff unredacted versions of documents with

26                Bates-numbers ranging from DEF002794 to DEF003101. Further, Plaintiff could

27                not have known which document contained the customer survey of one of the

28                Allstate customer surveys of the Allstate customer related to an Allstate employee

1    in Pittsburgh due to the documents being redacted.

2    d.    The Court never had the opportunity to consider documents with Bates-numbers

3    ranging from DEF002794 to DEF003101 *in camera* for redaction purposes, prior

4    to January 28, 2013.

5    I declare under penalty of perjury under the laws of the United States of America that the

6    foregoing is true and correct.

7    Executed this 31st day of January 2013, at Beverly Hills, California.

8

9    By:   /s/ Leo James Terrell

10    Leo James Terrell, Declarant

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Objection To Defendant's Submission of
Documents to the Court                    6