LAW OFFICES OF LEO JAMES TERRELL
8383 Wilshire Blvd., Suite 652
Beverly Hills, California 90211
Telephone: (323) 655-6909
Fax: (323) 655-5104
Leo James Terrell, State Bar No., 149693
email: civil1975 @aol.com

Attorneys for Plaintiff,
Gina Copes

DISCOVERY MATTER

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gina Copes,<br><br>        Plaintiff,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY, a Illinois corporation; and DOES 1-20, inclusive,<br><br>        Defendants. | CASE NO.: 11-CV-02692 GAF (MANx)<br><br>Hon. Magistrate Judge Margaret A. Nagle<br><br>**SUPPLEMENTAL DECLARATION OF LEO JAMES TERRELL RE THE INADEQUACIES OF THE DECLARATIONS OF MYRA B. VILLAMOR AND GARY DENNIS**<br><br>[*Filed concurrently with Plaintiff's Evidentiary Objections to the Declaration of Myra B. Villamor and the Declaration of Gary Dennis*]<br><br>Action Filed:   December 23, 2010<br>Telephonic Conference: January 24, 2013<br>Plaintiff's Supp. Decl. due: February 13, 2013 |

## SUPPLEMENTAL DECLARATION OF LEO JAMES TERRELL

I, Leo James Terrell, hereby declare and state as follows:

1.      I am an attorney at law, licensed to practice before all Courts of the State of California. I am the attorney of record for Plaintiff Gina Copes ("Plaintiff") in the above referenced action.

2.      I have personal knowledge of the facts as stated in this declaration, and if called to testify, I would, and could competently testify thereto.

3.      This case centers around Plaintiff's wrongful termination from Defendant Allstate Insurance Company ("Allstate") on August 11, 2010, from her position as a Claims Service Adjuster. Plaintiff filed her First Amended Complaint against Allstate on April 14, 2011.

Supplemental Declaration of Leo Terrell            1

4. On September 13, 2011, Plaintiff mailed Defendant her Request for Production of Documents ("RFPD"), Set One. On October 11, 2011, Plaintiff mailed Defendant her RFPD, Set Two. On May 11, 2012, Plaintiff mailed Defendant her RFPD, Set Three. On May 17, 2012, Plaintiff mailed to Defendant her RFPD, Set Four. On May 25, 2012, Plaintiff mailed to Defendant her RFPD, Set Five. On July 17, 2012, Plaintiff mailed to Defendant her RFPD, Set Six. The total number of Plaintiff's production requests for the six Request for Production sets amounted to 122 requests.

5. The parties have had multiple disputes in regards to Defendant's production of documents in response to Plaintiff's Requests for Production.

6. On June 5, 2012, the Court heard arguments regarding Plaintiff's Motion to Compel the Production of Supplemental Discovery Responses, Docket No. 45. During this hearing the Court order that Defendant shall provide the Court, for *in camera* review, the privilege log produced in this case, along with both redacted and unredacted, if available, copies of the documents listed on the privilege log.

7. On January 3, 2013, a Further Hearing re: Plaintiff's Motion To Compel The Production Of Supplemental Discovery Responses ("Plaintiff's Motion") (Docket No. 45) was held. The Court advised counsel that it had reviewed the documents produced by defendant for *in camera* review pursuant to the Court's Order of June 5, 2012, and heard further argument regarding Plaintiff's Motion. The Court GRANTED plaintiff's Motion, in part, as follows: 1) The Court ORDERED that document Nos. DEF 00409-00413 and 02604-02605, which were reviewed *in camera*, be produced to plaintiff, in unredacted form. 2) The Court ORDERED that defendant shall provide, to plaintiff's counsel, for attorney eyes only review, the name, last known address, and telephone number for the two (2) insureds and the Allstate employee in the Pittsburgh office who are identified in the documents to be produced to plaintiff pursuant to this Order. 3) With the approval of District Judge Gary A. Feess, the Court extends the discovery deadline to January 25, 2013, for the limited purpose of allowing plaintiff to take the depositions of the three individuals identified above.

8. On January 16, 2013, a telephonic hearing was conducted. During that hearing the Court conferred with the parties off the records regarding, among other things, Defendant's January 15, 2013 production of a document, which Plaintiff's counsel contended was responsive to long-

Supplemental Declaration of Leo Terrell     2

outstanding requests for production. The document produced on January 15, 2013 had never been produced by Defendant even though the document was clearly responsive to Plaintiffs requests. Thus, the Court ordered defense counsel to file a declaration, by no later than January 23, 2013, detailing:

    1) the nature and extent of the search conducted by Allstate to respond to plaintiff's discovery request and;

    2) why the documents produced on January 15, 2013 were not produced previously.

The Court set a further follow-up conference for January 24, 2013. *See* Minute Order dated January 16, 2013, Docket No. 114.

9. On January 24, 2013, Defense Counsel Myra Villamor submitted to the Court two declarations in response to the Court's Minute Order: the Declaration of Myra B. Villamor and the Declaration of Gary Dennis. *See* Declaration of Myra Villamor, Docket No. 116, and Declaration of Gary Dennis, Docket No. 117. The Declaration of Myra Villamor stated that the customer survey, DEF003103, had been previously produced by Defendant but in a different format. The alleged previous production of the customer survey was DEF002949-DEF002950. However, the Court specifically noted that the documents Defendant was representing as included in the previously produced customer survey were not a part of the documents which were produced to the Court pursuant to the June 5, 2012 order. The Court never had these documents to review *in camera*.

10. On January 24, 2013, a Further Telephonic Follow-up Conference re Production of Documents was conducted. During the hearing, the Court conferred with counsel regarding the declarations of Myra Villamor and Gary Dennis that were submitted. The Court noted how it was dissatisfied with Defendant's answers. The Court had specifically stated that it was dissatisfied with Defendant's explanation as to why the documents produced on January 15, 2013 were not produced previously. The court noted that other customer surveys had been previously produced, yet this one had not. Further, the Court noted that it was clear that this document was not hard to find or hidden due to the fact that when Plaintiff asked for the document Defendants were able to produce the document very quick. The Court thus directed Plaintiff's counsel to file a supplemental declaration detailing the purported inadequacies of these declarations by February 13, 2013. *See* Minute Order dated January 24, 2013, Docket No. 118.

Supplemental Declaration of Leo Terrell      3

11. This present supplemental declaration is now being filed under the Court's direction from the telephonic hearing on January 24, 2013. After I reviewed the declarations of Myra Villamor and Gary Dennis, I found both declarations to be completely non-responsive and evasive to the Court's January 16, 2013 order for defense counsel to file a declaration detailing: 1) the nature and extent of the search conducted by Allstate to respond to plaintiff's discovery request, and 2) why the documents produced on January 15, 2013 were not produced previously.

12. Due to the numerous problems I found with the declarations of Myra Villamor and Gary Dennis, I prepared separate evidentiary objections to both declarations in order to clearly express my objections to the specific paragraphs of each declaration. Please see Plaintiff's Evidentiary Objections to the Declaration of Myra B. Villamor and Plaintiff's Evidentiary Objections to the Declaration of Gary Dennis, filed currently with this present supplemental declaration.

13. As explained in further detail in Plaintiff's evidentiary objections, the Declaration of Myra B. Villamor is non-responsive to the call of the court's issues. First, Ms. Villamor does not have personal knowledge of how Allstate conducted its search to respond to Plaintiff's discovery requests, because Ms. Villamor is NOT an employee of Allstate, nor is she a custodian of records for Allstate. Moreover, the ERI Survey Spreadsheet that Ms. Villamor has attached as "Exhibit 1" to her declaration is irrelevant because it is highly distinguishable from the document that Allstate produced on January 15, 2013, and thus these two documents are not interchangeable. The ERI Survey Spreadsheet contains summaries of over 80 customer surveys, all of which were redacted as to the customer's name and claim number when Allstate submitted it to Plaintiff. Due to the nature of the redactions, it was impossible for Plaintiff to know which customer survey related to policyholder L_____ R_____ ("L.R.")[1], or to know that L.R.'s survey was even contained within the ERI Survey Spreadsheet.

14. As explained in further detail in Plaintiff's evidentiary objections, the Declaration of Gary Dennis is non-responsive to the call of the court's issues. Mr. Dennis does not have personal knowledge of how Allstate conducted its search to respond to Plaintiff's discovery requests, because

---

[1] The full name has been redacted due to a protective order.

Supplemental Declaration of Leo Terrell                4

Mr. Dennis is NOT the custodian of records for Allstate, nor does he work at Allstate's Chicago home office. Mr. Dennis does not identify who he contacted in Chicago to obtain certain documents, or what documents he even requested. Further, Mr. Dennis states "I believed" in his declaration multiple times in order to justify his actions for deciding which documents to search for. Yet Mr. Dennis never states the basis for his belief in his declaration and never addresses why Allstate failed to produce the Estimate Claim Satisfaction Survey prior to January 15, 2013.

15. Defendant's withholding of the Estimate Claim Satisfaction Survey prior to January 15, 2013 was a material omission, and the alleged explanations outlined by Defendant in its declarations of Myra Villamor and Gary Dennis do little to address the Court's concerns regarding the omission of the document.

16. This denial of discovery is significant because Defendant has attempted to portray Plaintiff as a poor employee. However, the document which was withheld and concealed until recently, the customer survey, demonstrates that the insured individual who was used as a basis to terminate Plaintiff, was in fact satisfied with the performance of Plaintiff. This clearly creates an issue as to disputed facts. Had these documents been produced earlier, Plaintiff would have had the opportunity to impeach the corporate investigator Charles Owens, and an opportunity to impeach the investigation as a whole. These documents demonstrate that there was a sham investigation. The Magistrate has stated during a hearing that if the investigation was a sham, the basis for termination would be pretextual. By not producing these documents, Defendant has irreparably harmed Plaintiff's case. Plaintiff has been robbed the opportunity to attempt to impeach the investigator and the investigation as a whole.

///
///
///

17. Due to the aforementioned reasons, Plaintiff requests the Court Order the following:

    a.    The declarations of Myra B. Villamor and Gary Dennis to be stricken in their entirety.

    b.    Defendant be subject to evidentiary sanctions at trial, which are to be determined. Defendants should be subject to these evidentiary sanctions because Plaintiff has been denied her full rights to discovery due to Defendant's discovery abuses and failure to produce material documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 12th day of February 2013, at Beverly Hills, California.

By: /s/ Leo James Terrell

Leo James Terrell, Declarant